Catron, Ch. J.
Judgment was had in the Giles circuit court, on an appeal from the county court by John Butterworth against Lewis H. Brown, the principal debt- or, and also against James Patterson and Edward M. Brown, his securities for the appeal, from the county to the circuit court. From this judgment a writ of error was prosecuted to the supreme court, and the judgment of the circuit court was reversed and another trial ordered. The cause was accordingly remanded to the cir *468 cuit court. In the mean time, Lewis H. Brown died: no one would administer on his estate, and alter the cause was remanded, a scire facias was run against his heirs to revive, pursuant to the act of 1809. This was accordingly done, and the parties went to trial on the former issues, the pleas of payment and set off, put in by Lewis H. Brown, the ancestor of the defendants, and the jury found a balance of debt of five hundred and ninety-one dollars, and six hundred and seven dollars, damages, amounting in all to eleven hundred and ninety-eight dollars; whereupon, the court gave judgment for said sum against the heirs, to be levied of the lands and tenements of the defendants, which have descended to them from their said ancestor Lewis H. Brown; and on motion judgment was also given against Edward M. Brown and James Patterson, the securities in the appeal from the county to the circuit court. From which judgments, the defendants (the heirs and the securities) jointly prosecuted an appeal in the nature of a writ of error to this court.
The first objection is made in favor of the heirs, that the judgment ought to have b.een, for some special lands designated by the scire facias. No plea was pleaded by them, and even had there been, the proper judgment was entered; it is, that the debt and the costs be levied of the lands descended generally. This was the conclusion of the court, and the bar, ten years since, in causes against Christopher Stump’s heirs, upon much consideration, and is the settled practice of the courts. There, judgment for costs was given against the heirs personally, which was reversed, because the creditor was pursuing a fund to which he was entitled, and to nothing more.'— Judgment in this case is the same as if Lewis H. Brown’s estate had been administered upon; the administrator had pleaded fully administered; the plea had been found for him, and then a scire facias had been run against the heirs to subject the lands descended. In such cases *469 judgments are general, to be levied of the lands descended in the hands of the heirs. The lands are liable in the hands of the heirs, as they would have been liable in the hands of the ancestor, had no personal property been found by the sheriff on a fieri facias.
2. It is objected on the part of the securities, that they were bound “that Lewis H. Brown should prosecute his appeal with effect, or in case of failure thereof, he should abide by, perform and fulfil the judgment, sentence or decree of the circuit court,’' but that they did not undertake for the performance of any judgment that might be had against the heirs of Brown.
The form of the bond is prescribed by the 63d section of the court law of 1794, which this bond substantially pursues: first, that the appeal shall be prosecuted with effect; and second, that the securities, on failure, shall perform the judgment of the court above. The bond, by the 64th section, is to make part of the record, and binds the securities for the judgment that may be rendered in the circuit court, not only against the defendant personally, but against those who represent him. By the same section, it is provided, that “no appeal in any cause or court shall be abated by the death of either plaintiff or defendant, but may be proceeded on by application of the heirs, executors, administrators, or assigns. The case that has here occurred, was contemplated by the legislature, and is provided for by preventing an abatement, and causing to be substituted a representative of the appellant, for the performance of a judgment against whom, these curities are just as much bound as if it had been against the intestate.
Gjeeem J. concurred.